IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL CASE NO. 3:17-cr-498-L-2 |
| | § | |
| VERLAN PEREZ, JR, #56328-177, | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER**

Before the court is Defendant Verlan Perez, Jr.'s ("Defendant") pro se Motion for Reconsideration of Denial of Sentence Reduction ("Motion") (Doc. 184), filed August 20, 2025. After considering the Motion, the record, and the applicable authorities, the court **denies** the Motion.

**I. Background**

Defendant pled guilty under a plea agreement to one count of possession of a Schedule II controlled substance with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(viii). *See* Docs. 118, 121, 124. In the Judgment entered January 31, 2019, the court sentenced him to a term of 156 months' imprisonment, to run consecutively to any sentences imposed in two pending state criminal actions and to be followed by four years of supervised release. *See* Doc. 162. He did not appeal the Judgment, and his challenge to his conviction and sentence under 28 U.S.C. § 2255 was unsuccessful. *See United States v. Perez*, No. 20-10304, 2020 WL 8919084 (5th Cir. Dec. 28, 2020), *cert. denied*, 141 S. Ct. 2837 (2021). In 2022, while serving his sentence in this action, Defendant was indicted in the United States District Court for the Eastern District of Texas on one count of conspiracy to distribute and possess with intent to distribute a controlled substance, in violation of 21 U.S.C. § 846 and § 841(b)(1)(B) . *See United States v. Perez*, No. 5:22-cr-00017-RWS-JBB-1, Doc. 1 (E.D. Tex. Oct. 19, 2022). Defendant

pled guilty to the single count of the Indictment, and that court sentenced him to 84 months' imprisonment, to run consecutively to his sentence in this criminal proceeding and his state court sentences. *See id.*, Doc. 91 (E.D. Tex. Sept. 12, 2024).

On April 21, 2025, Defendant filed a motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2) based on Part A of Amendment 821 to the United States Sentencing Guidelines. *See* Doc. 178. Although Defendant was eligible for a sentence reduction under Part A of Amendment 821, the court denied the motion based on Defendant's post-conviction conduct and after considering the sentencing factors under 18 U.S.C. § 3553. *See* Docs. 182-83. Defendant now seeks reconsideration of that denial. *See* Doc. 184.

## II. Analysis

In the Motion, Defendant contends that the court should reconsider its prior denial and grant Defendant's qualifying sentence reduction under Part A of Amendment 821 because: (1) Defendant has been separately punished by his sentence in the Eastern District of Texas case for some of the post-sentencing conduct referenced in the court's denial of his original Amendment 821 motion; (2) "the purpose of [ ] Amendment 821 requires uniform application"; (3) his rehabilitation and post-sentencing conduct favor relief; and (4) the consecutive sentence imposed in his Eastern District of Texas case addresses "any concerns regarding deterrence or protection of the public." *Id.* at 2 (capitalization altered).

Regarding Defendant's first, third, and fourth grounds, his rehabilitation efforts and his post-sentencing conduct, including his case in the Eastern District of Texas, were provided to and considered by the court in its denial of Defendant's original motion for a sentence reduction under Amendment 821. *See* Doc. 178 at 4; Doc. 181 at 2-3; Doc. 183 at 4. Also considered—though omitted by Defendant in the Motion—was Defendant's institutional disciplinary history showing

that he had two disciplinary incidents apart from his criminal conduct, one of which was deemed a prohibited act of "Greatest Severity" by the Bureau of Prisons. Doc. 181 at 2; Doc. 183 at 4. As to Defendant's second ground that "[d]enying otherwise-eligible defendants [a sentence reduction] based on unrelated future conduct undermines the uniformity that Amendment 821 was enacted to restore," his argument is without merit and is expressly contradicted by guidance provided by the Sentencing Commission for consideration of sentence reductions under § 3582(c)(2). Doc. 184 at 2; U.S.S.G. § 1B1.10 comment n.1(B)(iii) ("The court may consider post-sentencing conduct of the defendant that occurred after imposition of the term of imprisonment in determining . . . whether a reduction in the defendant's term of imprisonment is warranted[.]").

Defendant provides no new information or meritorious argument to alter the court's previous findings that a sentence reduction is not warranted in this case. Accordingly, having considered the § 3553(a) sentencing factors and the seriousness of Defendant's disciplinary and criminal post-sentencing conduct, as previously explained, the court finds in its discretion that Defendant is not entitled to a sentence reduction under § 3582(c)(2) based on Part A of Amendment 821. *See* Docs. 181, 183.

### III.  Conclusion

For the foregoing reasons, the court **denies** Defendant's Motion.

**It is so ordered** this 10th day of October, 2025.

Sam A. Lindsay
United States District Judge